Law Offices of Michael Z. Goldman
Michael Z. Goldman
100 Church Street, Suite 800
New York, NY 10007
212 901-3799
michael@mzglaw.com

*Attorney for Petitioner*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SMIT PATEL,**<br><br><br>              *Petitioner*,<br><br>        **v.**<br><br><br>**JUDITH ALMODOVAR**,<br>  **in her official capacity as Acting New York**<br>  **Field Office Director, U.S. Immigration &**<br>  **Customs Enforcement;**<br><br>**KRISTI NOEM,**<br>   **in her official capacity as Secretary, U.S.**<br>   **Department of Homeland Security;**<br><br>**TODD M. LYONS,**<br>  **in his official capacity as Acting Director of**<br>  **Immigration & Customs Enforcement; and**<br><br>**PAMELA BONDI,**<br>   **in her official capacity as Attorney General,**<br>   **U.S. Department of Justice,**<br><br>              *Respondents.* | **Case No. 25-CV-7357**<br><br><br><br>**VERIFIED PETITION**<br>**FOR WRIT OF HABEAS**<br>**CORPUS PURSUANT TO**<br>**28 U.S.C. § 2241** |

Petitioner, Smit Patel ("Mr. Patel"), is a twenty-year-old student from India who petitions for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the lawfulness of his detention by Immigration and Customs Enforcement ("ICE"). On September 4, 2025, ICE detained him during a New York, NY Immigration Court without an individualized assessment that he posed a flight risk or a danger to the community and, therefore, without due process. He therefore seeks immediate release from custody.

## STATEMENT OF FACTS

1. Mr. Patel entered the United States December 8, 2023. He is twenty years-old.

2. Mr. Patel applied for Special Immigrant Juvenile Status and this application was approved by USCIS on August 6, 2025. The Nassau County Family Court previously entered a finding that Mr. Patel was abused by his parents.

3. Mr. Patel also filed an application for asylum with the New York, NY Immigration Court on August 29, 2025.

4. Mr. Patel has no criminal history.

5. On September 4, 2025, Mr. Patel had his first scheduled hearing in Immigration Court before Immigration Judge Carol Moore at 290 Broadway, New York, NY.

6. During a break while waiting for his name to be called by the Immigration Judge, Mr. Patel exited the courtroom and was detained by three ICE agents without explanation.

7. Upon information and belief, as of the date of this habeas corpus filing, Mr. Patel is being detained in New York, NY.

8. Upon information and belief, ICE has detained Respondent pursuant to an ICE policy that began on or about May 20, 2025, directing agents to detain individuals in immigration court without an individualized assessment of an individual's flight risk or dangerousness.

2

**PARTIES**

9. Petitioner Smit Patel is an Indian national who resides at 260 Andrews Road, Mineola, NY 11501.

10. Respondent Judith Almodovar is the ICE New York Acting Field Office Director. She is responsible for carrying out ICE's immigration detention operations at 290 Broadway Immigration Court. Respondent Almodovar is a legal custodian of Mr. Patel. She is sued in his official capacity.

11. Respondent Kristi Noem is named in her official capacity as the Secretary of DHS. In this capacity she is responsible for the administration of the immigration laws pursuant to Section 402 of the Homeland Security Act of 2002. 107 Pub. L. 296 (November 25, 2003); *see also* 8 U.S.C. § 1103(a); routinely transacts business in the District of New York; and is legally responsible for Mr. Patel's incarceration and removal. She is therefore a custodian of Mr. Patel. Respondent Noem's office is located at DHS headquarters in Washington, DC, 20528.

12. Respondent Todd M. Lyons is the Acting Director of ICE. As the head of ICE, he is responsible for decisions related to detaining and removing certain noncitizens. Director Lyons is a legal custodian of Mr. Patel.

13. Respondent Pamela Bondi is named in his official capacity as the Attorney General of the United States. She is responsible for the administration of the immigration laws as exercised by EOIR, pursuant to 8 U.S.C. § 1103(g). She routinely transacts business in the Southern District of New York, and is legally responsible for administering Mr. Patel's removal proceedings as well as the procedural standards used in those

3

proceedings. She is therefore a legal custodian of Mr. Patel. Respondent Bondi's office is at DHS of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530.

## JURISDICTION AND VENUE

14. Respondents incarcerated Mr. Patel on September 4, 2025, in New York, NY, and he is under the direct control of Respondents and their agents.

15. This action arises under the Constitution of the United States, and the Immigration and Nationality Act ("INA").

16. Federal courts have subject matter jurisdiction under 28 U.S.C. § 2241(c)(1) and (c)(3) (habeas corpus) to determine whether people imprisoned in federal custody are held in violation of law. *INS v. St. Cyr*, 533 U.S. 289, 305 (2001).

17. Jurisdiction is also proper pursuant to 28 U.S.C. § 1331 (federal question); 5 U.S.C. § 702 (waiver of sovereign immunity); 28 U.S.C. § 1346 (original jurisdiction); Article I, § 9, cl. 2 of the U.S. Constitution (Suspension Clause); the All Writs Act, 28 U.S.C. § 1651; and 28 U.S.C. §§ 2201-2202 (Declaratory Judgement Act).

18. Further, the Court has jurisdiction to grant injunctive relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, 1651, 2241, and the All Writs Act, 28 U.S.C. § 1651. Mr. Patel's detention constitutes a "severe restraint[] on his individual liberty" interest such that Mr. Patel is "subject to restraints not shared by the public generally" and "in custody in violation of the . . . laws . . . of the United States." *See Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973).

19. The federal district courts have jurisdiction to hear habeas corpus claims by noncitizens challenging the lawfulness of their detention by DHS. *Jennings v. Rodriguez*, 583 U.S.

4

281, 292-95 (2018); *Demore v. Kim*, 538 U.S. 510, 516–17 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

20. Venue properly lies in the Southern District of New York. 28 U.S.C. §§ 1391(b)(2), (e).  This petition is filed while Mr. Patel is physically present within the district, as, upon information and belief, he is incarcerated in New York, NY.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

21. Exhaustion is not necessary because Congress did not codify a requirement that petitioners seeking a writ of habeas corpus exhaust administrative remedies. *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) ("Where Congress specifically mandates, exhaustion is required… But where Congress has not clearly required exhaustion, sound judicial discretion governs.") (citation omitted).

22. Further, exhaustion of remedies is unnecessary if futile.  Here, exhaustion would be futile because Mr. Patel was detained pursuant to an ICE policy that is defined by its systematic denial of the very administrative remedy Respondents will likely urge him to avail himself of, a bond hearing. *See Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003) (Sotomayor, J.) (as amended) (judicial exhaustion may be excused when "available remedies provide no genuine opportunity for adequate relief" or exhaustion "would be futile").  Such hearings are provided for the purpose of custody *re-*determination—a hearing held by an immigration judge after ICE makes its initial decision to detain. 8 C.F.R. § 236.1(d).  Such a hearing is no substitute for the requirement that ICE engage in a "deliberative process prior to, or contemporaneous with," the initial decision to strip a person of the freedom that lies at the heart of the

Due Process Clause. *Lopez v. Sessions*, No. 18. Civ. 4189, 2018 WL 2932726, at \*15 (S.D.N.Y. June 12, 2018).

23. Finally, even if meaningful administrative remedies were promptly available, Mr. Patel, as a noncitizen challenging the lawfulness of his ongoing immigration detention, is not required to exhaust those remedies under 8 U.S.C. § 2241. *See Louisaire v. Muller*, 758 F. Supp. 2d 229, 234 (S.D.N.Y. 2010).

**ARGUMENT**

24. Mr. Patel's detention violates his Fifth Amendment right to due process because ICE detained him without notice, an opportunity to respond, or an individualized determination that he poses a flight risk or a danger to the community.

25. "[T]he Fifth Amendment entitles noncitizens to due process of law . . . whether their presence here is lawful, unlawful, temporary, or permanent." *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020). "Noncitizens are also entitled to challenge through habeas corpus the legality of their ongoing detention," including "the lawfulness of detention when it is first imposed." *Id.* "The Supreme Court has been unambiguous that executive detention orders, which occur without the procedural protections required in courts of law, call for the most searching review." *Id.*

26. "The Second Circuit has held that the *Mathews v. Eldridge*, 424 U.S. 319 (1976), balancing test applies when determining the adequacy of process in the context of civil immigration confinement." *Valdez v. Joyce*, No. 25 Civ. 4627 (GBD), 2025 WL 1707737, at \*3 (S.D.N.Y. June 18, 2025) (*citing Velasco Lopez*, 978 F.3d at 851). "The determination of what procedures are required under the Fifth Amendment requires consideration of: (1) the private interest that will be affected by the official action; (2)

the risk of erroneous deprivation of that interest through the procedures used; and (3) the Government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail." *Id.* (*citing Mathews*, 424 U.S. at 335).

27. Mr. Patel does not contend that greater "judicial-type procedures must be imposed upon [the] administrative action[s]" of ICE than those already required by law; instead, the agency must comply with the procedures already in place, and its failure to do so amounts to a complete and arbitrary denial of due process. *See Velasco Lopez*, 978 F.3d at 851 (*quoting Mathews*, 424 U.S. at 348).

28. More specifically, if ICE wishes to detain a noncitizen under the detention authority provided by 8 U.S.C. § 1226(a), ICE must allow the noncitizen to "demonstrate to the satisfaction of the officer that [] release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding." 8 C.F.R. §§ 1236.1(c)(8), 236.1(c)(8); *Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021).

29. This did not happen. Mr. Patelwas suddenly detained by Respondents pursuant to a new ICE policy without an individualized assessment, notice, or opportunity to be heard.

30. "Respondents' ongoing detention of [Mr. Patel] with no process at all, much less prior notice, no showing of changed circumstances, or an opportunity to respond, violates his due process rights." *Valdez*, 2025 WL 1707737, at *4. "In light of the deprivation of his liberty, formerly granted and approved by Respondents, the absence of any deliberative process prior to, or contemporaneous with, the deprivation, and statutory constitutional rights implicated, a writ of habeas corpus is the only vehicle for relief. It is, in essence, the most appropriate remedy." *Lopez*, 2018 WL 2932726, at *15.

31. Because "Respondents' ongoing detention of Mr. Patel with no process at all, much less prior notice, no showing of changed circumstances, or an opportunity to respond, violates his due process right," his petition must be granted.  *See Valdez*, 2025 WL 1707737, at *4 (granting habeas and ordering immediate release); *Lopez Benitez v. Francis*,  --- F.Supp.3d ----, 2025 WL 2371588, 25 Civ. 5937 (DEH) (S.D.N.Y. Aug. 13, 2025) (same); *Kelly v. Almodovar*, 2025 WL 2381591, 25 Civ. 6448 (AT) (S.D.N.Y. Aug 15, 2025) (same); *Chipantiza-Sisalema v. Francis*, 2025 WL 1927931, 25 Civ. 5528 (AT) (S.D.N.Y. July 13, 2025) (same).

### **PRAYER FOR RELIEF**

WHEREFORE, Mr. Patel prays that this Court grant the following relief:

1) Assume jurisdiction over this matter;

2) Enjoin Respondents from transferring Mr. Patel outside of the jurisdiction of the Southern District of New York pending the resolution of this case;

3) Issue a writ of habeas corpus directing Respondents to provide his immediate release from custody.

4) Award Mr. Patel attorney's fees and costs under the Equal Access to Justice Act ("EAJA") as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412, and on any other basis justified under law; and

5) Grant any other and further relief that this Court deems just and proper.

Dated: September 4, 2025                                   Respectfully submitted,


                                                                    /s/ Michael Z. Goldman
                                                                    100 Church Street, Suite 800
                                                                    New York, NY 10007
                                                                    212 901-3799

8

michael@mzglaw.com

*Attorney for Petitioner*

9

**VERIFICATION**

I, /s/ Michael Z. Goldman, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that, on information and belief, the factual statements in the foregoing Petition for Writ of Habeas Corpus are true and correct.

Dated: September 4, 2025

10