# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SMIT PATEL,** | **Civil Action No. 25-15345 (SDW)** |
| Petitioner, | |
| v. | **OPINION** |
| **JUDITH ALMODOVAR, et al.,** | |
| Respondents. | |

**WIGENTON**, District Judge:

Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Smit Patel, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Orange County Correctional Facility, New York ("Orange County"). (ECF No. 1). Respondents ICE New York Field Office Director Judith Almodovar, Department of Homeland Security ("DHS") Secretary Kristi Noem, Acting ICE Director Todd M. Lyons, and United States Attorney General Pamela Bondi oppose the Petition and Motion. (ECF No. 18).

This Court will determine the Petition on the briefs pursuant to Federal Rule of Civil Procedure 78(b). For the following reasons, this Court concludes that the Petition will be granted to the extent that Petitioner seeks an order requiring Respondents to provide him with a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a).

### I. BACKGROUND

Petitioner is a citizen of India. (ECF No. 1 at 2). He entered the United States on December 8, 2023. (*Id.*) According to the Record of Deportable/Inadmissible Alien ("Form I-213"), border patrol agents were notified of multiple people walking on the railroad tracks in Rouses Point, New York. (ECF No. 18-2 at 3). Agents responded and conducted an immigration inspection. (*Id.*)

Petitioner was identified as being in the country without proper documents and taken to the station for processing. (*Id.*) Petitioner received a Notice to Appear stating he was subject to removal for being "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (ECF No. 18-1 at 2). The statute cited was Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i). (*Id.*)

Border patrol released Petitioner on his own recognizance "due to the lack of bed space." (ECF No. 18-2 at 4). The Notice of Custody Determination indicates that he was released pursuant to INA § 236, which is codified at 8 U.S.C. § 1226. (ECF No. 18-3 at 2). He received notice that he was to appear before an immigration judge on May 9, 2024. (ECF No. 18-1 at 2). U.S. Citizenship and Immigration Services ("USCIS") granted Special Immigrant Juvenile Status to Petitioner on August 6, 2025. (ECF No. 1 at 2). Petitioner filed an asylum application on August 29, 2025. (*Id.*) Petitioner has no criminal history. (*Id.*)

Petitioner reported to immigration court in New York, New York on September 4, 2025 for a scheduled hearing. (*Id.*) While he was waiting, ICE detained him in the hallway. (*Id.*) He has been in ICE custody since that time.

Counsel filed this Petition in the United States District Court for the Southern District of New York on September 4, 2025 under the belief that Petitioner was detained in New York City at the time. (*Id.*) On September 5, 2025, District Judge Jesse M. Furman transferred the proceedings to the District of New Jersey as the United States presented evidence that Petitioner was detained in Elizabeth, New Jersey when the Petition was filed. (ECF No. 12).

On September 12, 2025, an immigration judge denied Petitioner's request to be released on bond. (ECF No. 18-6 at 2). The judge concluded that Petitioner's detention was mandatory

2

pursuant to INA § 235(b), codified at 8 U.S.C. § 1225, and that a recent Board of Immigration Appeals ("BIA") opinion divested immigration judges of jurisdiction to hear bond requests of noncitizens detained pursuant that statute. (ECF No. 18-5 at 4 & n.1 (citing *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 216 (BIA 2025)). On September 17, 2025, this Court issued an order prohibiting Respondents from moving Petitioner outside of New York, New Jersey, or Pennsylvania while these proceedings were ongoing. (ECF No. 15). Respondents filed an answer to the Petition on October 15, 2025. (ECF No. 18). Petitioner filed a reply on October 22, 2025. (ECF No. 20).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement); *see also Khalil v. Joyce*, 777 F. Supp. 3d 369, 393 (D.N.J. 2025) ("[A] habeas court that otherwise has jurisdiction over a case does not lose that jurisdiction just because the habeas petitioner has been moved out of the district.")

3

**B. Analysis**

Petitioner argues that he is being detained in violation of the Constitution because ICE arrested him without notice or an opportunity to contest that detention. (ECF No. 1 at 6). He argues that the immigration judge incorrectly determined that he is subject to mandatory detention without a bond hearing pursuant to § 1225(b)(2). (ECF No. 20 at 6). Instead, Petitioner asserts that his detention can only be justified pursuant to § 1226(a), which would entitle him to an individualized assessment for release by an immigration judge. (*Id.* at 7). Respondents assert that Petitioner is lawfully detained pursuant to § 1225(b)(2) and that he is not entitled to a bond hearing pursuant to *Hurtado*. (ECF No. 18 at 13-14).

"On July 8, 2025, DHS instituted a notice titled 'Interim Guidance Regarding Detention Authority for Applicants for Admission' to all ICE Employees." *Vazquez v. Feeley*, No. 2:25-cv-01542, 2025 WL 2676082, at *5 (D. Nev. Sept. 17, 2025). "Under the new interpretation and policy, individuals 'present in the United States without admission or parole' are now treated as 'applicants for admission' subject to mandatory detention under § 1225(b)(2), rather than discretionary detention under § 1226(a)." *Soto v. Soto, et al.*, No. 25-cv-16200, 2025 WL 2976572, at *2 (D.N.J. Oct. 22, 2025). "Thus, nearly all noncitizens who have never been admitted, regardless of whether they were stopped at the border or arrested years later inside the country, are now classified as an 'applicant for admission' that is 'seeking admission' into the country under § 1225(b)." *Id.*

As with many cases filed in this District and around the country, the critical issue before this Court is whether Petitioner is properly detained under § 1225(b) or § 1226(a). In brief, § 1225 provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt

4

entitled to be admitted, the alien shall be detained" pending removal hearings. 8 U.S.C. § 1225(b)(2)(A). "Thus, it is unambiguous and patently clear that for the provision to apply and thus subject a noncitizen to mandatory detention: (1) there must be an 'examining immigration officer' who determines; (2) that an 'applicant for admission'; (3) is 'seeking admission'; and (4) 'not clearly and beyond a doubt entitled to be admitted.'" *Soto*, 2025 WL 2976572, at *5. On the other hand, § 1226(a) "applies to aliens already present in the United States" and "creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). "The line historically drawn between these two sections … is that section 1225 governs detention of non-citizens 'seeking admission into the country,' whereas section 1226 governs detention of non-citizens 'already in the country.'" *Martinez v. Hyde*, No. 25-cv-11613, 2025 WL 2084238, at *8 (D. Mass. July 24, 2025) (citing *Jennings*, 583 U.S. at 288-89). "[T]he provisions here are mutually exclusive—a noncitizen cannot be subject to both mandatory detention under § 1225 and discretionary detention under § 1226 … ." *Lopez Benitez v. Francis*, No. 25-cv-5937, ___ F. Supp. 3d ___, 2025 WL 2371588, at *4 (S.D.N.Y. Aug. 13, 2025).

Here, Petitioner was not seeking to be admitted when border patrol agents detained him; he was already inside the United States. "To be sure, the line between when a person is 'seeking admission as opposed to being 'already in the country' is not necessarily obvious. For instance, someone who has just crossed the border may technically be 'in' the country but is still treated as 'an alien seeking initial entry.'" *Id.* (citing *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 114 (2020) (concluding that a noncitizen stopped "within 25 yards of the border" may be treated as if stopped at the border)). Respondents have not presented any evidence about how close to the border Petitioner was when immigration officials found him, but more significantly,

5

the record before this Court supports a conclusion that Petitioner was processed pursuant to § 1226(a) in 2023.

The Notice to Appear specifically identified Petitioner as "an alien *present* in the United States who has not been admitted or paroled." (ECF No. 18-1 at 2 (emphasis added)). "Notably, the issuing officer appears to have explicitly declined to designate Petitioner as an 'arriving alien,' which is the active language used to define the scope of section 1225(b)(2)(A) … ." *Martinez*, 2025 WL 2084238, at *6. "A noncitizen like Petitioner, who has already entered and is present in the country, simply cannot be characterized as 'seeking entry' consistent with the ordinary meaning of that phrase." *Vazquez v. Feeley*, No. 2:25-cv-01542, 2025 WL 2676082, at *13 (D. Nev. Sept. 17, 2025); *see also Zumba v. Bondi*, No. 25-cv-14626, 2025 WL 2753496, at *3 (D.N.J. Sept. 26, 2025) (noting that "up until July 8 the predominant form of detention authority for petitioner and other noncitizens arrested in the interior of the United States was § 1226(a)."))

Additionally, the Notice of Custody Determination explicitly states that Petitioner was "released on his own recognizance" pursuant to § 1226. (ECF No. 18-3 at 2). "Such a release on recognizance is not 'humanitarian' or 'public benefit' 'parole into the United States' under §§ 1225 and 1182(d)(5)(A), but rather a form of 'conditional parole' from detention, authorized under § 1226." *Lopez Benitez*, 2025 WL 2371588, at *4; *see also Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115-16 (9th Cir. 2007) ("It is apparent that the INS used the phrase 'release on recognizance' as another name for 'conditional parole' under § 1226(a)."); *Martinez*, 2025 WL 2084238, at *3 (citing *Ortega-Cervantes*). Therefore, it seems from the record that "DHS has consistently treated [Petitioner] as subject to detention on a discretionary basis under § 1226(a),

which is fatal to Respondents' claim that he is subject to mandatory detention under § 1225(b)." *Lopez Benitez*, 2025 WL 2371588, at *3.

Respondents put forward a wide-sweeping interpretation of § 1225(b)(2)(A)'s "seeking admission" element, arguing that it is satisfied by the mere fact that Petitioner is present in the United States without admission. (ECF No. 18 at 14-15 ("[A]liens who are 'applicants for admission' are also aliens who are 'seeking admission.'")) The vast majority of courts confronting this precise issue have rejected Respondents' interpretation, and the BIA's interpretation in *Hurtado*, as contradictory to the plain text of § 1225.[1]  *See, e.g., Soto v. Soto, et al.*, No. 25-cv-16200, 2025 WL 2976572, at *5 (D.N.J. Oct. 22, 2025); *Belsai D.S. v. Bondi*, No. 25-cv-3682, 2025 WL 2802947 (D. Minn. Oct. 1, 2025); *Quispe v. Crawford*, No. 25-cv-1471, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025); *Savane v. Francis*, No. 25-cv-6666, 2025 WL 2774452 (S.D.N.Y. Sept. 28, 2025); *Zumba*, 2025 WL 2753496; *Salazar v. Dedos*, No. 25-cv-835, 2025 WL 2676729 (D.N.M. Sept. 17, 2025); *Lepe v. Andrews*, No. 25-cv-01163, 2025 WL 2716910 (E.D. Cal. Sept. 23, 2025); *Roman v. Noem*, No. 25-cv-01684, 2025 WL 2710211 (D. Nev. Sept. 23, 2025); *Giron Reyes v. Lyons*, No. 25-cv-4048, 2025 WL 2712427 (N.D. Iowa Sept. 23, 2025); *Singh v. Lewis*, No. 25-cv-0096, 2025 WL 2699219 (W.D. Ky. Sept. 22, 2025); *Barrera v. Tindall*, No. 25-cv-541, 2025 WL 2690565 (W.D. Ky. Sept. 19, 2025); *Hasan v. Crawford*, No. 25-cv-1408, 2025 WL 2682255 (E.D. Va. Sept. 19, 2025); *Vazquez*, 2025 WL 2676082; *Garcia Cortes v. Noem*, No. 25-cv-2677, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Lopez Santos v. Noem*, No. 25-cv-1193, 2025 WL 2642278 (W.D. La. Sept. 11, 2025); *Perez v. Kramer*, No. 25-cv-3179,

---

[1] This Court is not required to defer to the BIA's interpretation of § 1225 because "[w]hen the meaning of a statute [is] at issue, the judicial role [is] to 'interpret the act of Congress, in order to ascertain the rights of the parties.'" *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 412 (2024) (quoting *Decatur v. Paulding*, 39 U.S. 497, 503 (1840)).

2025 WL 2624387 (D. Neb. Sept. 11, 2025); *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425 (E.D. Mich. Sept. 9, 2025); *Hinestroza v. Kaiser*, No. 25-cv-7559, 2025 WL 2606983 (N.D. Cal. Sept. 9, 2025); *Jimenez v. FCI Berlin, Warden*, No. 25-cv-326, 2025 WL 2639390 (D.N.H. Sept. 8, 2025); *J.O.E. v. Bondi*, No. 25-cv-3051, 2025 WL 2466670 (D. Minn. Aug. 27, 2025); *Leal-Hernandez v. Noem*, No. 25-cv-2428, 2025 WL 2430025 (D. Md. Aug. 24, 2025); *Lopez-Campos v. Raycroft*, No. 25-cv-12486, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); *Lopez Benitez*, 2025 WL 2371588. This Court is persuaded by the comprehensive reasoning of these courts and finds that § 1226(a) applies to Petitioner's detention.

Accordingly, Petitioner's mandatory detention pursuant to § 1225(b)(2)(A) violates the laws of the United States and Petitioner's Due Process rights. Respondents are ordered to treat Petitioner as detained under § 1226(a) and provide him with an individualized bond hearing.

### III. CONCLUSION

For the reasons stated above, the Petition is GRANTED. Respondents shall treat Petitioner as detained under § 1226(a) and provide him with an individualized bond hearing before an immigration judge. Respondents shall file a letter on the docket within 10 days of this Opinion and Order indicating whether the hearing has taken place and, if not, why not.[2]

An appropriate order follows.

Date: ___October 28___, 2025

Hon. Susan D. Wigenton
United States District Judge

---

[2] This Court shall keep these proceedings open pending Respondents' submission.

8